IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MANNING,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S STIPULATED MOTION TO CONTINUE DEADLINE<br><br><br><br>Case No. 2:12-CR-220 TS |

This matter is before the Court on Defendant James Manning's Stipulated Motion to Continue Deadline.[1] Through his Motion, Defendant requests an order of the Court continuing the deadline to re-address the restitution award in this case.

Defendant came before the Court for sentencing on December 3, 2012. At that time, Defendant was ordered to pay a total of $805,075.22 in restitution, payable at the rate of $100.00 per month while incarcerated and $300.00 minimum per month when released from confinement. During the sentencing hearing, the Court indicated that if either party wished to re-address

---

[1]Docket No. 30.

1

restitution, that request must be made within 60 days.  Defendant now requests an additional 60 days within which to perform further research regarding restitution issues.

18 U.S.C. § 3664 provides the procedure for issuance and enforcement of an order of restitution.  That section provides "that restitution 'shall' be awarded within 90 days after sentencing."[2]  While failure to make final a restitution award within 90 days does not act to deprive this Court of jurisdiction, the Court is mindful of its statutory duty to comply with this 90-day requirement.[3]  For this reason, the Court will deny Defendant's Motion to the extent it seeks a continuance beyond the 90 days allotted in § 3664.  Nevertheless, the Court will grant in part Defendant's Motion and allow the parties an additional 30 days in which to re-address restitution.

Based on the foregoing, it is hereby

ORDERED that Defendant's Stipulated Motion to Continue Deadline (Docket No. 30) is GRANTED IN PART AND DENIED IN PART.  Pursuant to the terms of this Order, Defendant shall have ninety (90) days from the date of sentencing in which to re-address restitution.

---

[2] *United States v. Dolan*, 571 F.3d 1022, 1026 (10th Cir. 2009) (citing 18 U.S.C. § 3664(d)(5)).

[3] *See id.* at 1031 ("Though district courts do not lose the authority to enter restitution after 90 days, the law remains the law and courts and the government alike are bound to follow it."); *see also Barnhart v. Peabody Coal*, 537 U.S. 149, 157 (2003) (holding that a failure to abide by Congress's instruction still "represent[s] a default on a statutory duty").

DATED January 9, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge